UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: 2:18-cv-00386-JDL |
| Plaintiff | PLAINTIFF'S PRETRIAL MEMORANDUM |
| vs. | RE: 32 Park Road, Windham, ME 04062 |
| Mark A. Hoglund | Mortgage: July 22, 2009 |
| Defendant | Book 27116, Page 144 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, ("Plaintiff") by and through its undersigned counsel, and hereby provides its Final Pre-Trial Conference Memorandum, pursuant to Local Rule 16.4.  It is the Plaintiff's positon that, the facts to be proven at trial relating to the execution of the Hoglund Note and Mortgage, assignment of the Mortgage to Plaintiff, endorsement and transfer of the Note to Plaintiff in accordance with 11 M.R.S.A. §§ 3-1201 and 3-1203, default in payment of this Note and the amount due, will entitle the Plaintiff to Judgment as a matter of law under 14 M.R.S.A. § 6322.[1] Pursuant to 14 M.R.S. § 6322, and precedent[2] the Plaintiff intends to meet its burden by proving:

- "the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any,[3]

---

[1] *See Chase v. Higgins,* 2009 ME 136 (2009); *H.S.B.C. Bank, as Trustee v. Gabay,* 2011 ME 101 (2011); *see also, Abbot v. LaCourse,* 2005 ME 103, 882, A.2d 253 (2005); *Simansky v. Clark,* 128 ME 280,147 A.205 (1929) (promissory note need only be produced at trial and the suit cannot be defeated by questioning the standing of the party entitled to enforce a promise).

[2] *See Chase v. Higgins*; *H.S.B.C. Bank, as Trustee v. Gabay*, *Deutsche Bank Nat'l Trust Co. v. Raggiani*, 2009 ME 120, ¶¶ 5-8, 985 A.2d 1 (2009); *Wells Fargo Bank, N.A. v. deBree*, 2012 ME 34 (2012); *Beneficial Maine Inc., v. Carter,* 2011 ME 77 (2011) and *Bank of America v. Cloutier*, 2013 ME 17 (Me. 2013).

[3] *See* P.L. 2009, ch. 402, §§ 9, 17 (effective June 15, 2009) (amending 14 M.R.S. §§ 2401(3), 6321 (2008)).

1

- properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage,[4]

- a breach of condition in the mortgage,[5]

- the amount due on the mortgage note, including any reasonable attorney fees and court costs,[6]

- the order of priority and any amounts that may be due to other parties in interest, including any public utility easements,[7]

- evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements, in accordance with 14 M.R.S. 6111,

- the defendants are not in military service in accordance with the Servicemembers Civil Relief Act, *see* 50 U.S.C.S. § 521 (LexisNexis Supp. 2009)."[8]

A promissory note is self-authenticating, pursuant to F.R.Evid. 902(9). There is a presumption of authenticity of signatures on promissory notes, such as the Hoglund Note. *See* 11 M.R.S. § 3-1308(1). Plaintiff is entitled to enforce the Hoglund Note by virtue of being the holder of the instrument pursuant to 11 M.R.S. § 3-1301 (1). The records related to amounts owed are admissible pursuant to F.R.Evid. 803(6) and 28 U.S.C. § 1732.[9] The evidence at trial will prove that Notice in conformity with 14 M.R.S.A. § 6111 was made upon the Defendant by certified mail, return receipt requested.

---

[4] *See* P.L. 2009, ch. 402, § 17 (effective June 15, 2009) (amending 14 M.R.S. § 6321 (2008)).

[5] *See Johnson v. McNeil*, 2002 ME 99, ¶ 17, 800 A.2d 702, 705; *see* 14 M.R.S. § 6322 (2008).

[6] *Johnson,* 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6322; P.L. 2009, ch. 402, § 11 (effective June 15, 2009) (to be codified at 14 M.R.S. § 6111(1-A)).
[7] *Johnson,* 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6322;

[8] *Chase v. Higgins* 2009 ME 136 (2009); *see also Camden Nat'l Bank v. Peterson*, 2008 ME 85, ¶ 21, 948 A.2d 1251, 1257 (stating that a party seeking foreclosure must comply strictly with all steps required by statute).
[9] *See U.S. Bank v. Jones,* 330 F. Supp 3d 530, U.S.D.C. Me. June 26, 2018, *affirmed* , 925 F.3d 534 (1st Cir. (Me.) May 30, 2019), *rehearing and rehearing en banc denied* July 23, 2019)(1st Cir. holding (1) the district court did not abuse its discretion in finding loan history including prior servicer loan history reliable enough to admit under Fed. R. Evid. 803(6); and (2) the district court's admission of the history did not violate Fed. R. Evid. 901, 1001, or 1002).

A promissory note, secured by a mortgage, is a negotiable instrument, and therefore, it is governed by the provisions of the Uniform Commercial Code, as codified in 11 M.R.S. § 3-1101, *et seq*.  A person or entity may be a person or entity ". . . entitled to enforce the instrument even though the person is not the owner of the instrument." 11 M.R.S. § 3-1301(3).  A holder of the Note, as defined as a person or entity entitled to enforce an instrument pursuant to 11 M.R.S. § 3-1301, has standing to initiate, pursue, and prevail in a foreclosure action.[10]  The Note is a self-authenticating document pursuant to F.R. Evid. 902(9).  Rule 902(9) specifically provides that "extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to […] Commercial paper, signatures thereon and documents relating thereto to the extent provided by general commercial law." F.R. Evid. 902(9).  The term "commercial paper" is defined as ". . . an instrument, other than cash, for the payment of money.  Commercial paper - typically existing in the form of a draft (such as a check) or a note (such as a certificate of deposit) - is governed by Article 3 of the [Uniform Commercial Code]." Black's Law Dictionary, 9th ed., 2009 (defining *Paper, commercial paper*).  There is no question that Article 3 of the Uniform Commercial Code ("UCC"), as codified in Maine statute, is applicable to the transaction at issue here.[11]  As a negotiable instrument, governed by Article 3 of the UCC, the Note qualifies as commercial paper.

The Mortgage and Assignments of Mortgage herein are self-authenticating documents.  *See* F.R. Evid. 902(4).  Rule 902(4) provides that ". . . [e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to […] a copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office [..]." F.R. Evid. 902(4).  As certified copies of public records, the Mortgage and

---

[10] *See Bank of America v. Cloutier*, 2013 ME 17 (Me. 2013).  It is well settled that the "holder of a negotiable instrument and the other parties listed in § 3-1301 are the 'only' parties entitled to enforce a negotiable instrument." *Green Tree Servicing Inc. v. Corsetti* Cum. Sup. Ct. Docket No.: RE-11-419 (citing *Mortgage Electronic Systems, Inc. v. Saunders*, 2010 ME 79 ¶ 12, 2 A.3d 289 (Me. 2010)).

[11] *See* 11 M.R.S. § 3-1101, *et seq*.; *Bank of America, N.A. v. Cloutier*.

3

Assignments are self-authenticating documents. These documents are also admissible as they are records of documents that affect an interest in property. *See* F.R.Evid. 803(14) and F.R.Evid. 803(15). *See* also F.R.Evid. 1005 (noting that the contents of a public record are proved by a certified copy).

**WITNESSES:**

1. Representative of Caliber Home Loans, Inc., servicer for the holder of the Note for Plaintiff
2. Mark A. Hoglund

**EXHIBITS:**

1. Promissory Note in the amount of $231,136.00, executed by Mark A. Hoglund on July 22, 2009, for the benefit of United Wholesale Mortgage.
2. Mortgage Deed securing the residence located at 32 Park Road, Windham, ME 04062 executed by Mark A. Hoglund on July 22, 2009, for the benefit of MERS, as nominee for United Wholesale Mortgage recorded in the Cumberland County Registry of Deeds in **Book 27116, Page 144**.
3. Assignment of Mortgage to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. dated January 17, 2012, and recorded in said Registry in **Book 29307, Page 278.**
4. Assignment of Mortgage to Nationstar Mortgage, LLC dated January 23, 2013 and recorded in said Registry in **Book 30354, Page 148**.
5. Assignment of Mortgage to Secretary of Housing and Urban Development dated September 21. 2015, and recorded in said Registry in **Book 33342, Page 175**.
6. Assignment of Mortgage to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust dated July 8, 2016 and recorded in said Registry in **Book 33342, Page 176.**

7. Quitclaim Assignment to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust dated January 26, 2018 and recorded in said Registry in **Book 34649, Page 218.**

8. Notice of Mortgagor's Right to Cure to Mark A. Hoglund dated March 19, 2018.

9. Judgment Figures and Loan History of the Hoglund Mortgage.

10. Report reflecting Defendant is not entitled to the benefit Servicemembers Civil Relief Act

DATED: December 2, 2019

Respectfully Submitted,
The Plaintiff, by its Counsel,
/s/ Reneau J. Longoria, Esq
John A. Doonan, Esq., No. 3250,
Reneau J. Longoria, Esq., No.5746
Doonan, Graves & Longoria, LLC
100 Cum. Ctr, Suite 225D
Beverly, MA 01915

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on this 2nd day of December, 2019, I served a copy of the above document by electronic notification using regular mail to the following:

/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

Mark A. Hoglund
32 Park Road
Windham, ME 04062